IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY HERRON                                                 PETITIONER

V.                                          CIVIL ACTION NO. 1:07CV251-WAP-JAD

STATE OF MISSISSIPPI, ET AL.                              RESPONDENTS

## REPORT AND RECOMMENDATION

Bobby Herron was convicted of murder in the Circuit Court of Monroe County, Mississippi and sentenced to serve life without parole in the custody of the Mississippi Department of Corrections. His judgment of conviction and sentence were affirmed by the Mississippi Court of Appeals. The Mississippi Supreme Court denied certiorari. He has filed a petition for writ of habeas corpus in this court asserting three grounds for relief.

## LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed. Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1). It is admitted that Herron's petition is timely and that all claims in the petition itself have been properly exhausted.[1]

Petitioners must also meet state procedural requirements in the handling of their cases in state courts. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never

---

[1] As will be discussed later, Herron has attempted to raise an unexhausted additional ground in his traverse.

consider the procedurally defaulted claim. To avoid the bar of a procedural default, the petitioner must show 'cause and prejudice' or a 'fundamental miscarriage of justice.'[2]

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. [3]

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or

---

[2] "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947(5th Cir. 1998) citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998). A "fundamental miscarriage of justice" is shown only where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson,* 188 F.3d. 635, 644(5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106,108 (5th Cir. 1995).

[3] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389(2000). This statute presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[4] This court's power to upset the judgments of the state courts in a criminal matter is appropriately very limited. The federal courts address only issues affecting substantial federal constitutional rights. This petitioner's claims have been reviewed in light of the AEDPA's limitations.

## GROUND ONE

In his first ground Herron claims that the trial judge abused his discretion in failing to grant a mistrial when it was discovered that a juror was disqualified from serving on the jury. During one of the breaks in the trial it was reported by a bailiff that a juror knew Thomas Adams, a prosecution witness because they attended the same church. Another juror knew witness Eddie Reed through his work with the fire department. When this information was brought to the attention of counsel, Herron's attorney indicated that he was not concerned about the juror who knew Reed, but moved for a mistrial based upon the juror who knew and attended church with Adams. The trial court denied the motion for mistrial.

Under both federal and state law the decision to grant or deny a mistrial is left to the discretion of the trial judge. *Spann v. State*, 771 So.2d 883, 889 (Miss. 2000); *U.S. v. Honer*, 225

---

[4] 28 U.S.C. § 2254(e)(1).

F.3d 549, 555 (5th Cir. 2000).  The standard of review on direct appeal is for abuse of discretion. *McGilberry v. State*, 741 So.2d 894, 907 (Miss. 1999); *U.S. v. Millsaps*, 157 F.3d 989, 993 (5th Cir. 1998).  But the federal courts are not appellate courts with authority over the state courts and the decision is a question of Mississippi not federal law.  *Parker v. Cain*, 445 F. Supp. 685 (E.D. La. 2006).  This claim presents no constitutional issue on its face.  *Gilmore*, 508 U.S. 333, 348-9, 113 S. Ct at 2121.  Habeas corpus jurisdiction is invoked with such a claim solely on due process grounds, if at all.  "[E]rrors of state law,..., are not cognizable in habeas corpus as such." *Derden v. McNeel,* 978 F.2d 1453, 1458 (5th Cir. 1992)(citing *Estelle v McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L.Ed.2d 166 (1991).  "Errors of state law rise to constitutional dimension only if they so infused the trial with unfairness as to deny due process of law." *Derden,* 978 F.2d at 1458 (citing *Lisenba v. California*, 314 U.S. 219, 228, 62 S. Ct. 280, 286, 86 L. Ed. 166 (1941).

This is not a case involving juror misconduct during voir dire and the record does not establish that a disqualified juror served on Herron's jury.  The only questioning done about knowledge of witnesses was done by the court.  After listing the witnesses the court clarified the information it was seeking.  The court said, "Now, some of you may know one or all of these people, but that's not really the question.  The question is whether your knowledge of them would tend to make their testimony more believable or less believable or would influence you somewhat.  If that's the case I need to know." R. 20.  The question put to the jury was not whether they knew the witnesses but whether their knowledge of them would impact their consideration of the case. If Herron's counsel had wished to delve into the specifics of which jurors knew which witnesses and their relationships with the witnesses, he had an opportunity to question them during his voir dire,

4

but failed to do so. There is no showing that any error occurred that implicated any federal constitutional right of the petitioner.

## GROUND TWO

In his second ground Herron asserts that the trial court erred in failing to direct a verdict in his favor at the close of the state's case in chief. The respondents assert that this court may not consider this claim as it was held procedurally barred on direct review in the state appellate courts. When a challenge to the sufficiency of the evidence is made at the close of the state's case in chief, the issue is preserved for appeal under Mississippi law only if the defendant does not proceed to put on any proof. If the defendant proceeds with his defense, the challenge to the sufficiency of the evidence at the close of the state's case in chief is deemed waived. *Shelton v. State*, 853 So.2d 1171, 1186 (Miss. 2003). Thereafter any challenge to the sufficiency of the evidence must consider all evidence introduced during the trial.

Herron's counsel moved for dismissal asserting the insufficiency of the evidence. The court denied the motion. By electing to proceed to putting on proof, Herron waived this ground for appeal. The respondents have asserted that this is an independent and adequate state procedural rule that is regularly enforced, citing multiple cases from the Mississippi courts enforcing the rule. The petitioner has failed to rebut this showing. Herron should be found to have procedurally defaulted this grounds.

As Herron has not shown any cause to excuse his default and because he cannot make the required showing that failure to consider this claim would result in manifest injustice, this court should not reach the merits of this claim.

## GROUND THREE

In his final ground Herron asserts that the trial court erred in failing to grant a judgment notwithstanding the verdict or alternatively a new trial. This court may examine the legal sufficiency of the evidence to support the verdict of guilty, though not the question of whether the verdict was against the overwhelming weight of the evidence. *Young v. Kemp*, 760 F.2d. 1097, 1105 (5th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed2d 672 (1986). When faced with an insufficiency of evidence claim, a federal court on habeas review must remember both its limitation, *i.e.*, it may not "make its own subjective determination of guilt or innocence," *Jackson v. Virginia*, 443 U.S. 307, 320 n.13, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and its function. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 n.12 (citations omitted). The court is not at liberty to substitute its conclusions for those of the jury. Applying that standard, the court finds the record, as described below, contains sufficient inculpatory evidence from which a rational trier of fact could have found Herron guilty beyond a reasonable doubt.

The state presented testimony that Herron's truck battery was stolen a matter of days before Herron killed Sterlyn Fields. He reported the theft of the battery to officer Eddie Reed and advised him that if he found out who had stolen the battery the officer would not have to "worry about them anymore."

Herron apparently believing Fields to be the thief, accosted Fields and his cousin Steve Orr. He dragged Fields to his home telling Fields that he was going to kill him for stealing the battery. Orr testified that he followed at some distance and turned the corner to see Fields on his knees

6

begging for his life. Orr testified that Herron shot Fields in the back of the head. Anthony Walker who lived three doors down from Herron testified to witnessing Herron dragging Fields down the street. He heard Herron tell Fields that he was doing to kill him because of the stolen truck battery. He heard but did not see the shooting.

After the shooting, Herron reported the shooting to Officer Reed. He advised Reed that he had shot Fields in the back of the head and that he was lying dead in Herron's yard. Another officer found Fields barely alive lying on his stomach in Herron's yard. There was a large hole in the back of his head. This officer found brain matter and part of the victim's hand in Herron's carport. The acting police chief also testified to Fields' head wound and that half of his hand was gone.

Forensic testimony corroborated Orr's version of the shooting. The deceased showed injuries to the knees consistent with having been on his knees at the time of the shooting. The injuries to the victim's hands were consistent with the hands having been in a defensive posture around the head at the time of the shooting. This expert testimony rebutted Herron's claim that Fields had been struggling with Herron for the shot gun. Herron painted Fields as the aggressor and testified that Fields had fallen during a struggle over the shotgun and was accidentally shot. Herron claimed Fields had twisted away from him and the gun as he fell resulting in the shot to the back of the head. Rebutting Herron's version the pathologist testified that the muzzle of the gun was at least two feet from the victim's head and that there was no gunshot residue on the victim's hands. This evidence far exceeds the minimum required to support the verdict.

The petitioner in his traverse belatedly attempts to raise a challenge to the forensic testimony in this case. Herron has never raised this issue with the state courts and has therefore not exhausted this claim. Additionally it is appears that he is still able to exhaust this claim in the Mississippi

7

courts as state law provides an exception for a second post-conviction motion based upon the discovery of new evidence. § 99-39-27 (9) Miss. Code Ann. This belated claim raised in the traverse regarding Dr. Steven Hayne's testimony should be dismissed without prejudice.

## CONCLUSION

The undersigned recommends that the petition for writ of habeas corpus be denied and the petition dismissed with prejudice, excepting only the claims made in the traverse challenging the testimony of Dr. Steven Hayne which should be dismissed without prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 31st day of March, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE