**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

BOBBY HERRON                                                           PETITIONER

V.                                                                                                         NO. 1:07CV251-P-D

STATE OF MISSISSIPPI, et al.                                                RESPONDENTS

## **FINAL JUDGMENT**

Petitioner, with the benefit of counsel, filed this matter pursuant to 28 U.S.C. § 2254 challenging his state court murder conviction. On March 31, 2009, Magistrate Judge Jerry A. Davis recommended that this matter be dismissed. On April 14, 2009, the Respondents filed Objections to the Report and Recommendation. Respondents specifically object to the portion to the Magistrate Judge's Recommendation to dismiss a "newly discovered evidence" claim without prejudice. The Magistrate Judge acknowledged that the claim was raised for the first time in Herron's traverse. The Magistrate Judge noted that Herron had not exhausted this claim and that he still had the opportunity to present the claim through a successive post-conviction motion in state court. Hence, the recommendation to dismiss the claim without prejudice.

The Respondents submit that Herron has never filed a post-conviction motion in state court and, as such, he is not eligible to pursue a successive petition with newly discovered evidence. Further, Respondents offer that Herron's claim would not be successive but may be pursued under Miss. Code Ann. § 99-39-5 which contains a three-year statute of limitations. Respondents additionally argue that the claim Herron raised in his traverse is not actually newly discovered evidence.

When faced with a petition containing both exhausted and unexhausted claims, the court generally is to dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The court may, in certain limited circumstances, stay the entire matter allowing the petitioner an opportunity to return to state court and exhaust all of his federal claims. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d (2005). Staying the proceedings, however, is imprudent if the unexhausted claim is plainly without merit. *Id.* at 277.

Such is the case here. At Herron's trial, Dr. Steven Hayne testified regarding his findings from the autopsy of the victim. Dr. Hayne's testimony, however, was not the only incriminating proof. As discussed in the Report and Recommendation, there was an eye witness to the shooting. Accordingly, the fact that Dr. Hayne participated in the trial does not provide him with a per se constitutional claim and does not instantly render the trial unfair or impartial. To the contrary, the testimony of the eye witness alone would have likely been sufficient to support Herron's murder conviction. In this court's opinion, Herron's "newly discovered evidence" claim is meritless.

Thus, the court finds that Respondents' arguments are well-taken and that the objections shall be sustained.

THEREFORE, it is hereby ORDERED that

(1) Respondents' objections to the Report and Recommendation of the United States Magistrate Judge are SUSTAINED;

(2) the Report and Recommendation is APPROVED and ADOPTED as the opinion of this court with one exception;

(3) the claims identified as "Grounds One, Two and Three" are DISMISSED with prejudice;

(4) the Magistrate Judge's recommendation to dismiss a "newly discovered evidence" claim without prejudice is OVERRULED;

(5) the Petitioner's claim of "newly discovered evidence" which challenges the forensic testimony of Dr. Steven Hayne is also DISMISSED with prejudice; and

(6) this matter is CLOSED.

SO ORDERED, this the 8th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE